**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ERNESTO RUIZ-ROMERO,<br><br>      **Plaintiff,**<br><br>      v.<br><br>SECRETARY OF JUSTICE OF PUERTO RICO,<br><br>      **Defendant.** | **CIVIL NO. 24-1067 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant's *Motion to Dismiss Amended Petition* ("*Motion to Dismiss*"). (Docket No. 49). For the reasons outlined below, the Court hereby **GRANTS** Defendant's *Motion to Dismiss*.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ernesto Ruiz-Romero ("Plaintiff") filed his original *Petition for Writ of Habeas Corpus* (the "*Petition*") against the Secretary of Justice of Puerto Rico (the "Secretary" or "Defendant") on February 13, 2024. (Docket No. 1). The handwritten *Petition* was four pages long and inartfully pled. Id. Nevertheless, the Court appointed pro-bono counsel to represent Defendant. (Docket No. 6).

On August 31, 2024, Plaintiff moved for default entry as to all defendants (Docket No. 24). The Court held this request in

abeyance and ordered Plaintiff to show cause as to why the handwritten *Petition* should not be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Docket No. 27). Plaintiff filed a *Memorandum of Law and Response to Order to Show Cause* on September 19, 2024 and the Court subsequently granted Plaintiff leave to file an amended complaint compliant with Fed. R. Civ. P. 8. (Docket Nos. 28 and 29, respectively).

Plaintiff filed his current *Amended Complaint* on November 11, 2024. (Docket No. 30). In it, he alleges that he was detained by the state courts in Puerto Rico in violation of habeas corpus protections. Id. at 1–2. Specifically, Plaintiff claims the following rights were violated by the Puerto Rico state courts: his Fifth and Fourteenth Amendment due process rights; his Sixth Amendment rights to effective assistance of counsel and *pro se* litigation; and his Sixth and Fourteenth Amendment rights to a fair trial. Id. at 3–7. Plaintiff alleges that these violations occurred during the proceedings in the state court case and during his subsequent detainment. Id.

Plaintiff also reiterates the allegation from his initial *Petition for Writ of Habeas Corpus* that he was denied access to the Ponce Judicial Center, which, in his view, violated his rights to petition the courts, access judicial proceedings, and have a public trial under the First, Sixth, and Fourteenth Amendments. Id. at 7–8. Plaintiff pleads several civil rights violations,

seemingly through the vehicle of Section 1983, namely: he alleges that a U.S. Marshal physically assaulted him and barred him from the Ponce Judicial Center, violating the First, Fourth, and Eighth Amendments. Id. at 9-10. Lastly, Plaintiff says that since his probation terms prevent him from entering the Ponce Judicial Center, a threat of repeat prosecution hangs over him, violating the Double Jeopardy Clause of the Fifth Amendment. Id. at 10-11.[1]

On April 28, 2025, the Puerto Rico Department of Justice ("PRDOJ") filed the pending *Motion to Dismiss* on behalf of Defendant seeking the dismissal of this case in its entirety. (Docket No. 49). Therein, PRDOJ argues that dismissal is appropriate under Fed. R. Civ. P. 12(b)(5) because Plaintiff failed to properly serve the Defendant. Id. at 6-8. Moreover, Defendant claims that Plaintiff failed to provide the Fed. R. Civ. P. 8(a)(1) statement establishing federal court jurisdiction and did not comply with the demanding pleading standard for habeas corpus cases. Id. at 8-9; *see* R. 2(c), 28 U.S.C. foll. § 2254. Lastly, Defendant contends that Plaintiff has not stated any claims actually involving the conduct of the Secretary, has failed to

---

[1] Because this action is *in forma pauperis*, *see* (Docket No. 5—6), this Court instructed the U.S. Marshal Service on November 22, 2024, to serve Defendant with a copy of the *Amended Complaint*. (Docket No. 32). Service was allegedly never properly effectuated. Having received no response from Defendant, the Court granted a *Motion for Default Entry* against Defendant on March 12, 2025. (Docket No. 42). This prompted Defendant to file a *Motion to Set Aside Default* on March 21, 2025, (Docket No. 44). The Court granted that motion on April 9, 2025, as the default had not been willful due to the apparent lack of service. (Docket No. 48).

plead any facts related to Defendant maintaining custody of Plaintiff, and has not included the warden of the facility in which Plaintiff is held as a necessary defendant. Id. at 10-13.

On May 9, 2025, Plaintiff filed a *Memorandum in Opposition to Motion to Dismiss*. (Docket No. 50). Plaintiff contends that service of process was sufficient because: (1) an employee of the Puerto Rico Department of Justice received service from a U.S. Marshal; and (2) Defendant did not promptly inform the Court of the impropriety of serving that employee. Id. at 4-6. Plaintiff maintains that the Secretary is the proper defendant of the habeas petition given that the Secretary has supervisory authority over the justice system and thus can control access to courts as well as the charges against Plaintiff. Id. at 6-7. After describing the alleged constitutional violations committed by the Puerto Rico justice system against Plaintiff, the *Memorandum* states that these allegations meet the applicable specificity standards and pleading requirements. Id. at 7-12.

On May 20, 2025, the PRDOJ filed a *Reply* to the *Memorandum in Opposition to Motion to Dismiss*. (Docket No. 53). Defendant reiterates that Plaintiff has still not provided necessary information in the filings, chief among them being the details of his Puerto Rico court criminal case and the status of Plaintiff's incarceration. Id. at 3, 7. Similarly, Defendant points out that Plaintiff has not demonstrated his exhaustion of available state

court remedies. Id. at 4. Lastly, Defendant argues that the
Secretary of Justice is an improper respondent for habeas and
Section 1983. Id. at 6-9.

## II.  PLAINTIFF'S OTHER CASES IN THIS DISTRICT

As a threshold matter, the Court notes that Plaintiff has
previously filed similar claims before the District of Puerto Rico
on multiple occasions. In a case involving Plaintiff suing the
Secretary before another Judge in this District, the Honorable
Judge Aida Delgado-Colón criticized Plaintiff for offering
conflicting statements about both the status of his custody and
the Puerto Rico court cases in which his rights were allegedly
violated. Ruiz Romero v. Sec'y of Just. of Puerto Rico, 2023 WL
7019272, at *4 (D.P.R. 2023). In her Opinion and Order dismissing
his habeas petition, Judge Delgado-Colón described Plaintiff as
"an experienced filer," declared "the Court cannot confidently
tell apart which proceedings petitioner is or was involved in,"
and noted that the Court "cannot even ascertain any details
regarding his 'custody' or 'future custody' under a state court
judgment." Id. at *1-3. The presiding Judge concluded that "it is
more than evident that the petition fails to state a claim for
relief and fails to set the stage for the Court to consider section
2254's criterion."

Similarly, on September 23, 2024, the Honorable Judge María
Antongiorgi-Jordán held Plaintiff to be a vexatious litigant and

prohibited him from filing future cases *in forma pauperis* -- the method by which Plaintiff initiated the proceedings in the instant case. *See* (Docket No. 5—6); <u>Ruiz-Romero v. Indus. Comm'n of Puerto Rico, Inc.</u>, 2024 WL 4265300, at *1 (D.P.R. 2024). The presiding Judge pointed out in her Opinion and Order dismissing the case that Plaintiff had filed "at least 31 cases in this district," which were "repetitive, frivolous, and burden both the judicial system and opposing parties who must expend time and resources to respond." <u>Id.</u> at 2-3. The Court noted that "Plaintiff's repeated filings have disrupted the judicial process, a behavior this Court will no longer tolerate" and declared that "Plaintiff's consequence-free antics stop here." <u>Id.</u> at 3, 5.

### III. APPLICABLE LAW

**A. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

When ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[t]he sole inquiry ... is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." <u>Ocasio-Hernandez v. Fortuno-Burset</u>, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." <u>Schatz v. Republican State Leadership Committee</u>, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-

pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted). One of the grounds allowing a complaint to be dismissed under Fed. R. Civ. P. 12(b)(6) is for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Courts may consider: "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial notice,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz, 669 F.3d at 55-56 (quoting Arturet-Vélez v. R.J. Reynolds Tobacco Co.*,* 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

## B. Federal habeas corpus proceedings

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the contemporary framework for federal habeas corpus proceedings. 28 U.S.C. § 2254. AEDPA allows federal district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court," but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Id.; *see* Ramos-Alfaro v. Puerto Rico, 2021 WL 4250819, at *1 (D.P.R. 2021). Federal courts are "typically required to accord substantial deference to a state court's decision on the merits."

Jackson v. Marshall, 864 F.3d 1, 9 (1st Cir. 2017). For such state court decisions, federal grants of habeas are only appropriate if the decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Rule 4 of the Rules Governing Section 2254 cases allows the presiding judge to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. foll. § 2254; see Ruiz Romero v. Sec'y of Just. at *3 (dismissing a Section 2254 case by Plaintiff against the Secretary because "it is more than evident that the petition fails to state a claim for relief and fails to set the stage for the Court to consider section 2254's criterion"). Even if a habeas petition is deemed not plainly legally deficient, Rule 2(c) of the Rules Governing Section 2254 cases "requires a more detailed statement," including "specify[ing] all the grounds for relief available to the petitioner" and "stat[ing] the facts supporting each ground." See Mayle v. Felix, 545 U.S. 644, 655 (2005); 28 U.S.C. foll. § 2254.

## C. Section 1983 and respondeat superior

42 U.S.C. § 1983 ("Section 1983") allows individuals to sue state and local government officials who deprive them of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. It "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

However, Section 1983 liability cannot be based on "a respondeat superior theory -- a 'supervisor's liability must be premised on his [or her] own acts or omissions.'" Justiniano v. Walker, 986 F.3d 11, 20 (1st Cir. 2021) (quoting Guadalupe-Báez v. Pesquera, 819 F.3d 509, 515 (1st Cir. 2016)). For a supervisor to be held liable for the actions of a subordinate state or local government official, it is necessary that: "(1) the behavior of such subordinates results in a constitutional violation, and (2) the official's action or inaction was affirmatively linked, to that behavior in the sense that it could be characterized as supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference." Lipsett v. University of Puerto Rico, 864 F.2d 881, 884 (1st Cir. 1988).

Notably, Section 1983 is meant to provide redress for constitutional violations by state and local government actors,

not federal officers. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); see also Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995) (citing Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987)) ("§ 1983 provides no cause of action against federal agents acting under color of federal law"). It is worth noting that "[f]or purposes of section 1983, Puerto Rico is the functional equivalent of a state," and Puerto Rico officials are treated like state officials. See Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 541 n.1 (1st Cir. 2021); 42 U.S.C. § 1983 (creating a cause of action allowing individuals to sue for violations of federal rights "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory").

## D. The Fifth Amendment's Double Jeopardy Clause

The Constitution of the United States provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This Double Jeopardy Clause has been interpreted to apply to "every indictment or information charging a party with a known and defined crime or misdemeanor,

whether at the common law or by statute." <u>Ex parte Lange</u>, 85 U.S. (18 Wall.) 163, 169 (1874).[2]

The Supreme Court has declared that revocation of release after a probation violation does not violate the Double Jeopardy Clause; such confinement is deemed a part of the original conviction. *See* <u>Johnson v. United States</u>, 529 U.S. 694, 700–01 (2000) ("[t]reating postrevocation sanctions as part of the penalty for the initial offense" avoids the issue of double jeopardy); <u>United States v. McInnis</u>, 429 F.3d 1, 5 (1st Cir. 2005) ("[a]lthough the punishment imposed in response to the release violations is in addition to prior punishment, it is treated as part of the penalty for the initial offense, thus obviating double jeopardy concerns"); <u>United States v. Rivera-Berríos</u>, 902 F.3d 20, 26 (1st Cir. 2018) (citing <u>United States v. Wheeler</u>, 330 F.3d 407, 412 (6th Cir. 2003)) ("No fewer than four other courts of appeals have concluded — as do we — that post-revocation penalties are 'part of the sentence for the original crime of conviction, even where the facts underlying the revocation are precisely the same as those providing the basis for conviction in the instant case'…the incarcerative terms imposed upon the revocation of the

---

[2] The Supreme Court's decision in <u>Puerto Rico v. Sanchez Valle</u> held that the Double Jeopardy Clause bars Puerto Rico and the United States from successively prosecuting an individual for the same conduct. 579 U.S. 59, 68–70 (2016). However, as will be discussed below, Plaintiff's allegations center around revocation-related sanctions stemming from a Puerto Rico case, not a second federal prosecution. (Docket No. 30 at 10–11).

appellant's probation are treated as part of his [original] sentence").

A threat of prosecution is not a violation of the Double Jeopardy Clause -- there must be an actual second prosecution or punishment for double jeopardy protections to apply. "[T]he [Supreme] Court has consistently adhered to the view that jeopardy does not attach until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge'... [w]hen a criminal prosecution is terminated prior to trial...jeopardy does not attach." Serfass v. United States, 420 U.S. 377, 391-92 (1975) (quoting United States v. Jorn, 400 U.S. 470, 479 (1971)).

## IV. DISCUSSION

Plaintiff's handwritten initial filing in the case was simply styled "Habeas Corpus." (Docket No. 1). In his subsequent *Amended Complaint*, Plaintiff enumerates numerous constitutional violations under a separate heading from the two listed habeas claims. (Docket No. 30 at 1-2). However, Plaintiff also avers in his *Memorandum in Opposition to Motion to Dismiss* that the *Amended Complaint* "articulates multiple independent and cumulative grounds for habeas relief, all of which stem from unconstitutional actions." (Docket No. 50 at 7). Thus, the Court will treat this case as a petition for habeas corpus stemming from the alleged violations of the various clauses of the First, Fifth, Sixth, and Fourteenth Amendments listed between pages 3 and 8 of Plaintiff's *Amended*

*Complaint*. (Docket No. 30). The Court separately analyzes what seems to be Plaintiff's attempt to bring a Section 1983 claim alleging violations of the First, Fourth, and Eighth Amendment, as well as Plaintiff's claim that his probation violates the Fifth Amendment's Double Jeopardy Clause. Id. at 7-11.

### A. Plaintiff's habeas claims are dismissed for failure to name the correct defendant, provide the grounds for relief or the facts supporting them, and exhaust administrative remedies

AEDPA requires that a petitioner for habeas relief "allege the **facts concerning the applicant's commitment or detention, the name of the person who has custody over him** and by virtue of what claim or authority, if known." 28 U.S.C. § 2242 (emphasis added).

By this stage, the Court has offered Plaintiff the assistance of three separate pro bono counsels and numerous bites at the apple to plead the details that would make his habeas corpus petition comprehensible to this Court, and, more importantly, direct at Defendant sufficient coherent allegations for her to be able to defend herself. Nevertheless, Plaintiff has failed to do so. *Cf.* Ruiz Romero v. Sec'y of Just. at *5 (dismissing Section 2254 case by the same plaintiff against the same defendant because "plaintiff failed to submit even the slightest documentation to suggest the nature, status, or outcome of the state court proceedings he apparently challenges herein").

### 1. Failure to name the "immediate custodian" as defendant

Plaintiff has not named either the warden of the Puerto Rico facility in which he is held or his probationary officer as a defendant in this suit. Both the Supreme Court in Rumsfeld v. Padilla and the First Circuit in Vazquez v. Reno have required individuals challenging detention through habeas proceedings to name their "immediate custodian" as the respondent. Padilla, 542 U.S. 426 (2004); Vasquez, 233 F.3d 688, 689 (1st Cir. 2000). "[T]here is generally only one proper respondent to a given prisoner's habeas petition." Padilla, 542 U.S. at 434-35.

Plaintiff fails to name the appropriate party. The only named defendant is the Secretary of Justice of Puerto Rico. (Docket No. 30 at 1). Plaintiff's failure to specify the Puerto Rico case in which his rights were infringed and the status of his custody make it impossible to determine the appropriate defendant in this context. Nevertheless, Plaintiff's "immediate custodian" would, as a default, be the warden of the prison facility in which he is incarcerated. Padilla, 542 U.S. at 435 ("longstanding practice confirms that in habeas challenges to present physical confinement…the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"). Alternatively, if Plaintiff is on probation, as he occasionally implies, the "immediate custodian" would be the relevant

probationary officer. *See* Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases ("[t]he named respondents shall be the particular probation or parole officer responsible for supervising the applicant"). The Secretary of Justice of Puerto Rico is neither.

In Padilla, the Supreme Court rejected the supervisory theory Plaintiff utilizes in his *Memorandum in Opposition to Motion to Dismiss*. (Docket No. 50 at 6-7); 542 U.S. at 435. In said case, a prisoner sued the Secretary of Defense while confined by the commander of a naval brig in South Carolina. Padilla, 542 U.S. at 432. The Supreme Court reaffirmed the "immediate custodian" rule for habeas actions, stating that the proper respondent was only the warden or custodian of the facility holding the detainee -- not some far-off, supervisory official. Id. at 435. Accordingly, even if the Secretary of Justice is deemed to have some kind of tutelary authority over the Puerto Rico court system or the Department of Justice here, she is not the "immediate custodian" of Plaintiff.

### 2. **Failure to provide the grounds for relief or the facts supporting them**

Secondly, Plaintiff fails to specify the grounds for relief available to him and fails to state the supporting facts in his habeas petition. The notice pleading standard operant in most civil proceedings does not apply to habeas corpus. *See* Aubut v. Maine,

431 F.2d 688, 689 (1st Cir. 1970) ("We do not accept 'notice' pleading in habeas corpus proceedings. Were the rule otherwise, every state prisoner could obtain a hearing by filing a complaint composed, as is the present one, of generalizations and conclusions"). Under Rule 2(c) of the Rules Governing Section 2254 cases, petitions for a writ of habeas corpus filed in a federal district court must "specify all the grounds for relief available to the petitioner" and must "state the facts supporting each ground." 28 U.S.C. foll. § 2254. The Supreme Court has interpreted Rule 2(c) as "requir[ing] a more detailed statement" than the "short and plain statement of the claim" required by Fed. R. Civ. P. 8 in ordinary civil proceedings. *See* <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005). Moreover, First Circuit precedent on federal habeas pleading standards requires petitions to "set out substantive facts that will enable the court to see a real possibility of constitutional error." <u>Aubut</u>, 431 F.2d at 689.

Here, Plaintiff fails to meet the applicable pleading standard in two ways. Firstly, at no point in any of his pleadings does he mention the Puerto Rico court case, judgment, ruling, or proceedings which he alleges violated his federal constitutional rights; there is simply no way for this Court to determine the relevant court, date, docket, or posture of that case. *Cf.* <u>Ruiz Romero v. Sec'y of Just.</u> at *5 ("plaintiff failed to submit even the slightest documentation to suggest the nature, status, or

outcome of the state court proceedings he apparently challenges herein").

Moreover, at no point in any of his pleadings does Plaintiff explain whether he is incarcerated as a result of the challenged Puerto Rico court judgment or if he is on probation or parole. This omission contravenes AEDPA's requirement that habeas petitions "allege the **facts concerning the applicant's commitment or detention**," 28 U.S.C. § 2242 (emphasis added). The closest answer this Court can piece together is Plaintiff's passing assertion in the *Amended Complaint*, while discussing Fifth Amendment double jeopardy protections, that his "probation terms" include a bar on entering the Ponce Judicial Center. (Docket No. 30 at 11). Plaintiff seems to reference this allegation in his *Memorandum in Opposition to Motion to Dismiss* when discussing his "unconstitutional conditions of probation, including the continuing prohibition on entering the very courthouse where his legal matters are being adjudicated." (Docket No. 50 at 9). Plaintiff does not plead any facts concerning the length of his supposed probationary period or whether it has concluded. Therefore, the Court is left uncertain as to the duration and location of the Plaintiff's alleged custody.

### 3. Failure to exhaust

Similarly, Plaintiff has not pled facts indicating he exhausted his state habeas remedies by presenting federal claims

to Puerto Rico courts and then pursuing available appeals. *Cf.* Ruiz Romero v. Sec'y of Just. at *5 (dismissing a similar habeas claim by this Plaintiff against Defendant because he "failed to explain what, if any, state remedies he exhausted before filing the instant action or the ineffectiveness of any such state procedure"). AEDPA states that a federal court cannot grant habeas relief to a state prisoner unless "it appears that…[he] has exhausted the remedies available in the courts of the State…[or] there is an absence of available State corrective process…[or] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see* Baez-Figueroa v. Att'y Gen. of Puerto Rico, 2015 WL 5436910, at *4 (D.P.R. 2015) ("To be eligible for relief, petitioner must show that he has either exhausted all of his state court remedies for each claim raised, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes"); *see also* Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (quoting Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989)) (explaining that exhaustion is the "the disputatious sentry [that] patrols the pathways of comity" in our federal system).

Plaintiff attempts to belatedly seek shelter under the "absence of available State corrective process" and "circumstances…render[ing] [state] process ineffective"

exceptions to the exhaustion requirement in his *Memorandum in Opposition to Motion to Dismiss*. (Docket No. 50 at 6-7); *see* 28 U.S.C. § 2254(b)(1). Without saying more, Plaintiff asserts that his being turned away from a court and the Puerto Rico court's alleged interference with his right to represent himself show the ineffectiveness of state remedies. (Docket No. 50 at 12).

However, First Circuit precedent on exhaustion places a "heavy burden" on the petitioner to establish that he "fairly and recognizably presented to the state courts the factual and legal bases of [his] federal claim." Adelson, 131 F.3d at 262; *see* Baez-Figueroa, 2015 WL 5436910, at *7 ("Petitioner has to show that the issues presented to this court were adequately presented to the Commonwealth trial court…Furthermore, in order to exhaust state remedies, petitioner must appeal a denial"). Without more detailed and specific allegations as to Plaintiff's fair and recognizable attempts to present federal claims in Puerto Rico court, an allegation that he was once turned away from a courthouse does not establish the ineffectiveness of state court remedies.

### 4. Dismissal of the habeas claims is proper

The standard set out by Rule 4 of the Rules Governing Section 2254 cases permits dismissal "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief"; and the Rule 2(c) standard requires the petition to "specify all the grounds for relief available to the petitioner" and "state the

facts supporting each ground." 28 U.S.C. foll. § 2254; *see* Ruiz
Romero v. Sec'y of Just. at *3; Mayle at 655. Plaintiff has not
alleged concrete, non-conclusory facts that would permit the Court
to entertain this petition under either of these standards. Hence,
dismissal is justified under both.

The Court dismisses the two habeas corpus counts listed on
pages 1 and 2 of Plaintiff's *Amended Complaint*, along with the
accompanying claims based on various clauses of the First, Fifth,
Sixth, and Fourteenth Amendments listed between pages 3 and 8 of
Plaintiff's *Amended Complaint*. (Docket No. 30).

## B. Plaintiff's Section 1983 claims are dismissed for failure to allege a relevant act or omission by Defendant

Section 1983 is designed to provide redress for (1)
constitutional transgressions by state and local government
actors, not federal officials, and (2) violations committed by
defendants themselves, not their supervisory officials. *See*
Justiniano, 986 F.3d at 20; West, 487 U.S. at 49.

Plaintiff attempts to use Section 1983 to sue the Secretary
of Justice of Puerto Rico, a state official, for alleged
constitutional violations by a U.S. Marshal, a federal employee,
as well as other unnamed judicial officers and public officials.
(Docket No. 30 at 9–10). Plaintiff's pleadings never attribute a
personal act or omission to the Secretary. Unfortunately for
Plaintiff, Section 1983 liability cannot accrue through respondeat

superior. <u>Justiniano</u>, 986 F.3d at 20 (quoting <u>Guadalupe-Báez</u>, 819 F.3d at 515) ("a 'supervisor's liability must be premised on his [or her] own acts or omissions.'"). Plaintiff does not plead any facts relevant to the personal acts or omissions of Defendant, and thus does not establish the sort of "supervisory encouragement, condonation, or acquiescence or gross negligence amounting to deliberate indifference" that can extend Section 1983 to a supervisor. <u>Lipsett</u>, 864 F.2d at 884. Furthermore, Section 1983 is only triggered by actions taken "under color of state law," <u>West</u>, 487 U.S. at 49, and it is unclear from Plaintiff's pleadings how the conduct of a federal officer like a U.S. Marshal could implicate Section 1983.

        Because Plaintiff fails to allege any personal action or omission by Defendant leading to a violation of his civil rights by a non-federal official, the Court dismisses the Section 1983-based counts listed on pages 9 and 10 of Plaintiff's *Amended Complaint*, along with the accompanying claims based on the First, Fourth, and Eight Amendment. (Docket No. 30).

### C. Plaintiff's Double Jeopardy claims are dismissed because probation does not violate the Double Jeopardy Clause

        The Constitution of the United States forbids punishments that "for the same offence…twice put in jeopardy…life or limb," U.S. Const. Amend. V. However, parolees who violate their probation terms can nevertheless have their release revoked, since such post-

violation confinement is deemed to be a part of the original conviction. *See* <u>Johnson</u>, 529 U.S. at 700-01; <u>McInnis</u>, 429 F.3d at 5; <u>Rivera-Berríos</u>, 902 F.3d at 26. Plaintiff's only argument for the illegality of his probation terms seems to be that violating them might condemn him once more to imprisonment. (Docket No. 30 at 10-11). Therefore, the Double Jeopardy clause provides him no relief here. Moreover, there must be an actual second prosecution or punishment for double jeopardy protections to apply -- mere threats do not suffice. <u>Serfass</u>, 420 U.S. at 391-92. Here, Plaintiff only alleges that "he was threatened with prosecution for entering the Ponce Judicial Center," "he was threatened with prosecution for conduct that had already been adjudicated," and "[t]he threat of new charges related to Plaintiff's probation constitutes an unconstitutional 'second bite at the apple' for the same alleged offense." (Docket No. 30 at 10-11).

Because the existence of probationary terms is not a violation of double jeopardy protections, and given that Plaintiff merely alleges that he was "threatened" with prosecution, the Court dismisses the Double Jeopardy-based counts listed on pages 10 and 11 of Plaintiff's *Amended Complaint*. <u>Id.</u>

### V. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss* at Docket No. 49 is hereby **GRANTED**. Plaintiffs' *Complaint* is hereby

**DISMISSED WITH PREJUDICE** in its entirety. Judgment of dismissal shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of November 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE